IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OSCAR DIAZ LANDA,<br><br>　　　　Defendant and Judgment Debtor. | CASE NO. 1:18-MC-00020-DAD-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING REQUEST FOR FINAL GARNISHMENT ORDER<br><br>ORDER REQUIRING THE UNITED STATES TO SERVE A COPY OF THE FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 15) |
| TECHNOLOGY CREDIT UNION,<br>(and its Successors and Assignees),<br><br>　　　　Garnishee. | **FOURTEEN-DAY DEADLINE** |

　　Currently pending before the Court is the United States' request for findings and recommendations regarding issuance of a final garnishment order (the "Application") against the non-exempt property and accounts that defendant Oscar Diaz Landa ("Defendant") maintains with garnishee Technology Credit Union (the "Garnishee"). (Doc. No. 15.) The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(7).

**I.　　BACKGROUND**

　　On January 17, 2017, pursuant to a plea agreement with the United States, Defendant entered a plea of guilty to count one of an indictment charging him with conspiracy to commit mail fraud. *United*

1

*States v. Rivas, et al.,* Case No. 1:15-cr-00233-DAD-BAM, Doc. No. 118. On May 3, 2017, the Court sentenced Defendant to six months of custody and thirty-six months of supervised release and further ordered Defendant to pay a statutory assessment of $100.00 and $257,325.90 in restitution. *Id.* at Doc. No. 150.

In an attempt to collect the restitution and special assessment owed, the United States filed an application for a writ of continuing garnishment for bank accounts at Technology Credit Union in which Defendant has an interest. (Doc. No. 1.) The Clerk of Court issued the writ of garnishment on April 5, 2018. (Doc. No. 2.) The United States subsequently served the Garnishee, Defendant, and his spouse Julia Gonzalez Luna with copies of the writ and related documents. (Doc. Nos. 3, 6, 12.) The documents served on Defendant and Julia Gonzalez Luna advised them, among other things, of their rights to claim exemptions to garnishment and request a hearing on their claims, request a hearing to quash the writ, and/or object to the Garnishee's answer of garnishee (the "Answer") and request a hearing thereon. (*Id.*)

The Garnishee filed its acknowledgement of service and Answer on April 11, 2018, identifying two checking accounts and two savings accounts in which Defendant maintains an interest. (Doc. No. 8.) The Answer further identified Julia Gonzalez Luna as the joint owner of one checking account and one savings account in which Defendant maintains an interest. (*Id.*) The Garnishee served the answer on Defendant and Julia Gonzalez Luna on April 10, 2018, and the United States again served the Answer on Defendant on May 4, 2018. (Doc Nos. 8, 12.) The United States now seeks a final order of garnishment pursuant to section 3205(c)(7) of the Federal Debt Collections Procedure Act ("FDCPA"), 28 U.S.C. §§ 3001, *et seq.*, requiring the Garnishee to liquidate and pay to the Clerk of Court the contents of Defendant's individual bank accounts as well as those he maintains jointly with his spouse, Julia Gonzales Luna, in order to partially satisfy Defendant's unpaid restitution order. (Doc. No. 15.)

## II. DISCUSSION

The Mandatory Victims Restitution Act ("MVPA") makes restitution mandatory for certain crimes, including mail fraud. *See* 18 U.S.C. §§ 1341, 3663A(a)(1), (c)(1)(A)(ii). Pursuant to the MVPA, the United States may enforce a judgment imposing a fine, including restitution, in accordance with the practices and procedures for enforcing a civil judgment under the FDCPA. *United States v. Mays,* 430 F.3d 963, 965, n.2 (9th Cir. 2005). The FDCPA sets forth the "exclusive civil procedures for the United

States . . . to recover a judgment on. . . an amount that is owing to the United States on account of . . . restitution." *Id.* at 965.

The FDCPA permits the Court to "issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). Property is defined under the FDCPA to include, in relevant part, "any present or future interest, whether legal or equitable, in real, personal . . ., or mixed property, tangible or intangible, vested or contingent, wherever located and however held (including community property and property held in trust . . .)[.]" 28 U.S.C. § 3002(12). The government is required by the FDCPA to provide the judgment debtor with notice of the commencement of garnishment proceedings. 28 U.S.C. § 3202(b). The judgment debtor then has twenty days after receipt of the notice to request a hearing. 28 U.S.C. § 3202(b). After the garnishee files an answer, and if no hearing is requested within the required time period, the Court must promptly enter an order directing the garnishee as to the disposition of the judgment debtor's property. 28 U.S.C. § 3205(c)(7).

Here, Defendants' interest in the four bank accounts in the custody of the Garnishee are property as defined under the FDCPA and are therefore subject to garnishment. *See* 28 U.S.C. §§ 3002(12), 3205(a). The United States provided Defendant and Julia Gonzalez Luna with notice of the garnishment proceedings on April 5, 2018, April 10, 2018, and June 11, 2018. (Doc. Nos. 3, 6, 12.) The documents served on Defendant and Julia Gonzalez Luna advised them of their rights to claim exemptions and request a hearing on their claims, request a hearing to oppose the writ, and object to the Garnishee's acknowledgement of service and answer of garnishee and request a hearing. (*Id.*) Defendant and Julia Gonzalez Luna were further advised of the applicable deadlines for exercising these rights under the FDCPA. (*Id.*) Neither Defendant, Julia Gonzalez Luna, nor any other person filed any exemption claims, objections, requests for hearing, or other response in this garnishment action and their time to do so has now expired. Pursuant to 28 U.S.C. § 3205(c)(7), as no hearing was requested during the applicable time period, the Court must enter an order directing the Garnishee as to the disposition of the bank accounts.

With respect to the bank accounts in which Julia Gonzalez Luna is identified as a joint owner, the FDCPA provides that co-owned property is subject to garnishment under 28 U.S.C. § 3205 to the same

extent co-owned property is subject to garnishment under the law of the State in which the property is located. 28 U.S.C. § 3205(a). Here, the Answer indicates that the bank accounts are located in California. (*See* Doc. No. 8.) California law provides that the community estate is generally liable for "a debt incurred by either spouse before or during marriage, regardless of which spouse has the management and control of the property and regardless of whether one or both spouses are parties to the debt or to a judgment for the debt." Cal. Fam. Code § 910(a). A "debt" is "an obligation incurred by a married person before or during marriage, whether based on contract, tort, or otherwise." Cal. Fam. Code § 902. Therefore, to the extent the co-owned bank accounts are community property, they may be garnished to collect on Defendant's restitution debt. *See United States v. Samuel,* 2016 WL 632806, at *3 (E.D. Cal. Feb. 17, 2016).

"Except as otherwise provided by statute, all property, real or personal, wherever situated, acquired by a married person during the marriage while domiciled in this state is community property." Cal. Fam. Code § 760. Thus, there is a general presumption that property acquired during marriage by either spouse is community property, and that presumption, which affects the burden of proof, can be overcome by the party contesting community property status, such as by tracing the property to a separate property source. *See In re Marriage of Haines,* 33 Cal. App. 4th 277, 289-90 (1995); *Babb v. Schmidt*, 496 F.2d 957, 959 (9th Cir. 1974). As discussed above, both Defendant and his spouse, Julia Gonzalez Luna, were advised of their rights to file objections or claims of exemption with respect to the bank accounts in the Garnishee's possession. They did not do so. Accordingly, the contents of the bank accounts are presumed to be community property and that presumption has not been rebutted. The bank accounts, including those that are co-owned by Defendant's spouse, are therefore available for paying Defendant's restitution debt. *See United States v. Berger,* 574 F.3d 1202, 1203 (9th Cir. 2009) ("We hold that community property is available to satisfy a restitution judgment obtained under the MVRA against a criminally liable spouse, including that portion of the property that otherwise would potentially be awarded upon dissolution of marriage to an innocent spouse who was not involved in the criminal activity."); *United States v. Samuel,* 2016 WL 632806, at *3. Consequently, the Court will recommend that the Government's application for a final garnishment order be granted.

### III. ORDER AND RECOMMENDATIONS

Accordingly, it is HEREBY ORDERED that the United States is directed to serve a copy of these findings and recommendations on Garnishee Technology Credit Union, Defendant Oscar Diaz Luna, and Julia Gonzalez Luna and file proof of such service within seven (7) days of entry of these findings and recommendations.

Further, based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. The United States' request for a final garnishment order be GRANTED;

2. Garnishee Technology Credit Union be directed to LIQUIDATE and PAY to the Clerk of Court the contents of savings and checking account numbers \*\*3289-00 and \*\*3289-11 registered in the name of Defendant Oscar Diaz Landa and savings and checking account numbers \*\*\*7607-00 and \*\*\*7607-11 registered in the name of Defendant Oscar Diaz Landa and Julia Gonzalez Luna within fifteen (15) days of entry of an order adopting these findings and recommendations;

3. Garnishee Technology Credit Union be directed to make payment in the form of a cashier's check, money order, or company draft made payable to the Clerk of the Court, delivered to the Office of the Clerk, United States District Court, Eastern District of California, 501 I Street, Suite 4-200, Sacramento, California 95814, and stating the criminal case name and number (*United States v. Rivas, et al.,* Case No. 1:15-cr-00233-DAD-BAM) on the payment instrument;

4. The garnishment terminate once the Garnishee Technology Credit Union makes payment to the Clerk of Court as provided in paragraphs 2 and 3; and

5. The Court retain jurisdiction to resolve matters through ancillary proceedings in the case, if necessary

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on

appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 11, 2019** /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE